UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KENNETH PRIVETTE, | § | |
| Individually and on behalf | § | Civil Action No. 2:19-cv-3221-DCN |
| of all others similarly situated | § | |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | PURSUANT TO 29 U.S.C § 216(b) |
| WASTE PRO OF NORTH CAROLINA, INC. | § | |
| | § | |
| Defendant. | § | |

### FOURTH AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Kenneth Privette, individually and on behalf of all other similarly situated individuals ("Plaintiff and the Putative Class Members"), by and through undersigned counsel, brings suit against Defendant Waste Pro of North Carolina, Inc. ("Waste Pro") as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

### INTRODUCTION

1.      The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2.      Plaintiff, and other current and former similarly situated employees, are Waste Disposal Drivers for Waste Pro who were paid on a purported job/day rate for work performed. Due to the Defendant's policies and procedures, Plaintiff and the Putative Class Members were deprived of wages

for hours actually worked. Specifically, Defendant did not pay a true day rate for any and all hours worked in a given day, but placed limitations on the number of hours worked before the day rate was paid. Further, Defendant also coupled the day rate with "other forms of compensation." Therefore, Defendant violated the FLSA in both its calculation of the prevailing hour rate and only paying its employees, including Plaintiff and the Putative Class Members, "half-time" for all hours worked over forty (40) in a given workweek.

3.     Additionally, Plaintiff and the Putative Class Members and others who were similarly situated were deprived of wages for hours actually worked by the Defendant's common policy to encourage and require them to perform pre-shift and post-shift duties while not clocked in. Defendant also automatically deducted thirty (30) minutes for lunch breaks during which Defendant knew Plaintiff, and other similarly situated waste disposal drivers, regularly performed work.

4.     Plaintiff Kenneth Privette brings this action individually and on behalf of all other similarly situated current and former non-exempt Waste Disposal Drivers who were paid a day rate and who have been employed by Defendant Waste Pro ("Putative Class Members"), at any time from September 29, 2014 through the final disposition of this matter, and have timely filed consent forms to join this collective action. These class members should be informed of the pendency of this action and apprised of their rights.

## PARTIES

5.     Plaintiff Privette is an individual residing at 10378 Singletree Lane, Davidson, North Carolina 28036 and worked at Waste Pro's facility in Concord, North Carolina within the relevant three-year period. Plaintiff Privette's written consent to be a plaintiff in this action is already on file with the Court.

6.     The FLSA Collective Members include Waste Pro's respective non-exempt Waste Disposal Drivers who performed the same or similar work as Plaintiff Privette and were subjected to the

same or similar payment policies as Plaintiff at any time from September 29, 2014, through the final disposition of this matter.

7.    Defendant Waste Pro of North Carolina, Inc. ("Waste Pro") is a for-profit corporation organized under the laws of the State of North Carolina. Defendant Waste Pro is a covered employer under the FLSA and acted as such in relation to Plaintiff Privette and the Putative Class Members it employed. This Defendant has been served and has appeared.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

9.    This Court has personal jurisdiction over Defendant Waste Pro because it has appeared herein and has not challenged personal jurisdiction.

10.    Venue is proper in the District of South Carolina because this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

11.    Specifically, Waste Pro has maintained a working presence throughout South Carolina.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

13.    At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

14.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because it has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15.    At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as to their employment with Waste Pro as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

16.     At all material times, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

17.     During Plaintiff's employment with Waste Pro, Defendant employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as the waste disposal trucks and other items used to run the business.

18.     Therefore, at all material times relevant to this action, Defendant Waste Pro constituted an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## WAGE VIOLATIONS

19.     Defendant's compensation policy violated, and continues to violate, the FLSA by failing to pay its employees, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek.

20.     Further, Defendant has improperly calculated its employees' regular rate resulting in further miscalculation of Plaintiff and the Putative Class Members' overtime pay. Specifically, Plaintiff and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate.

21.     Plaintiff and the Putative Class Members were (and continue to be) paid under a purported day rate plan—that is, they were supposed to be paid for each day worked regardless of the number of hours worked each day. *See* 29 C.F.R. § 778.112.

22.     Defendant violated the day rate regulation in a number of different ways. Specifically, Plaintiff and the Putative Class Members were compensated by Waste Pro with a day rate as well as other forms of compensation. These other forms of compensation are not in compliance with the day rate provision of 29 C.F.R. § 778.112 and ultimately result in a miscalculation of Plaintiff and the Putative Class Members' regular rate and resulting overtime compensation. These other forms of compensation (helper pay and safety bonuses) may vary by name and amount, but nevertheless have the same overall

effect of invalidating Defendant's attempt to categorize and compensate its employees, including Plaintiff and the Putative Class Members, under the day rate provision permitted by 29 C.F.R. § 778.112.

23.    Additionally, Plaintiff and the Putative Class Members did not receive their full day rate if they did not work a full day. This is a blatant violation of the day rate provision of 29 C.F.R. § 778.112. Indeed, a day rate plan can only be valid if an employee is paid a flat sum for a day's work **without regard to the number of hours worked in the day**. 29 C.F.R. § 778.112 (emphasis added). Because Plaintiff and the Putative Class Members are not paid a flat sum for a day's work without regard to the number of hours worked in the day, they are not paid under a "day rate" plan and Defendant cannot avail themselves of such a pay system.

24.    Waste Pro also violated and continues to violate the FLSA by permitting and encouraging its respective employees, including Plaintiff and the Putative Class Members, to perform pre-trip and post-trip work duties off the clock—that is, work without pay.

25.    Waste Pro also violated and continues to violate the FLSA by deducting 30-minute meal periods from its respective employees' hours worked, including Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the FLSA Collective Members routinely worked throughout their designated 30-minute meal periods.

26.    At all times relevant to this action, Waste Pro failed to comply with the FLSA because it made no provision to properly pay its respective employees, including Plaintiff and the Putative Class Members, for all hours worked or at the correct prevailing rate.

## COLLECTIVE ACTION ALLEGATIONS

27.    Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order

notices to potential opt-in individuals who are or were employed by Defendant Waste Pro as Waste Disposal Drivers within three (3) years prior to the commencement of this lawsuit (the "FLSA Class").

28.    Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same job positions and had substantially similar job requirements and pay provisions with Waste Pro. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffered damages in the nature of lost overtime and other wages resulting from the wrongful conduct of their employer, Waste Pro.

## ADDITIONAL FACTS

29.    Defendant provides waste disposal and recycling services to residential and commercial clients in North Carolina.

30.    Defendant's Waste Disposal Drivers, including Plaintiff and the Putative Class Members, all drove assigned routes to collect and dispose of residential or commercial waste and/or recyclable materials for Defendant's customers throughout the North Carolina.

31.    Defendant's Waste Disposal Drivers are all non-exempt employees under the FLSA.

32.    Plaintiff Privette was employed as a non-exempt Waste Disposal Driver at Waste Pro's facility in Concord, North Carolina from September 2013 through April 2016 and from May 2016 through November 2016.

33.    Plaintiff Privette was compensated on a purported job/day rate determined by the number of hours worked in a day.

34.    Plaintiff Privette did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

35.    The Putative Class Members are (or were) non-exempt Waste Disposal Drivers for Waste Pro for the 3-year period preceding the filing of the Original complaint through the final disposition of this matter.[1]

36.    None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendant, Plaintiff or the Putative Class Members.

37.    Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendant resulting in FLSA violations.

38.    Plaintiff and the Putative Class Members were (and are) required to work overtime hours when requested by Defendant, and were (and are) subject to potential disciplinary action for refusing to work overtime.

39.    Plaintiff and the Putative Class Members regularly worked (or work) over forty (40) hours in a workweek as Waste Disposal Drivers.

40.    Defendant compensated Plaintiff and Putative Class Member on a purported job/day rate, in addition to other forms of compensation. These other forms of compensation are not in compliance with the day and job rate provisions of 29 C.F.R. § 778.112 and ultimately result in a miscalculation of Plaintiff's and the Putative Class Members' regular rate and resulting overtime compensation. These other forms of compensation (help pay, bonus pay, and safety bonus) may vary by name and amounts, but nevertheless have the same overall effect in invalidating Defendant's attempt to categorize and compensate Plaintiff and the Putative Class Members under the pay provision permitted by 29 C.F.R. § 778.112.

41.    Additionally, Defendant would only pay a purported "day rate" to Plaintiff and the Putative Class Members if they worked a preset number of hours per day. If the designated number of

---

[1] The Original Complaint was filed at Docket Entry 1 in the related case, *Hansen v. Waste Pro of South Carolina, Inc.*, Civil Action No. 2:17-cv-2645 (D.S.C.).

hours were not worked by the Plaintiff or the Putative Class Members, then they did not receive the full day rate. This is a blatant violation of the day rate provision of 29 C.F.R. § 778.112.

42.    Indeed, a day rate plan can only be valid if an employee is paid a flat sum for a day's work *without regard to the number of hours worked in the day*. 29 C.F.R. § 778.112 (emphasis added). Because Plaintiff and the Putative Class Members are not paid a flat sum for a day's work without regard to the number of hours worked in the day, they are not paid under a true "day rate" plan and Defendant cannot avail itself of such a pay system.

43.    Defendant's calculation of its employees' regular rate of pay, including that of Plaintiff and the Putative Class Members, does not comply with the FLSA.

44.    Defendant paid its respective employees, including Plaintiff and the Putative Class Members, one-half of the regular rate of each hour worked over 40 hours in a workweek.

45.    Defendant paid the respective employees, including Plaintiff and the Putative Class Members a day rate, plus other forms of compensation for services.

46.    In addition to the day rate that Defendant paid its employees, including Plaintiff and the Putative Class Members, Defendant compensated Plaintiff and the Putative Class Members for the same type of work that they normally performed on an hourly basis. For example, if Plaintiff and the Putative Class Members completed their assigned routes for the day, they would be asked to help other drivers with their incomplete routes. Generally, when Defendant paid Plaintiff and the Putative Class Members on an hourly basis, as opposed to a daily basis, they referred to these hourly payments as "help pay".

47.    Defendant also compensated its employees, including Plaintiff and the Putative Class Members, on a basis other than the daily rate basis for what Defendant categorized as "bonus pay", "incentive pay", "extra pay" and "miscellaneous pay".

48.    In the event that Defendant's waste disposal drivers, including Plaintiff and the Putative Class Members, finished their route for the day early or needed to work for only half of the day,

Defendant—at least sometimes—did not pay them the day rate, but rather compensated them on an hourly basis and in a lesser amount than the day rate.

49.    Defendant also compensated its employees, including Plaintiff and the Putative Class Members, with a form of incentive pay for completing a certain amount of time without any accidents. Defendant paid a non-discretionary safety bonus that would be paid to Plaintiff and the Putative Class Members on a weekly basis.

50.    Plaintiff and the Putative Class Members were hired to work a regular workweek consisting of forty (40) hours per workweek, and it was the Plaintiff's understanding that their wages would compensate them for forty (40) hours. Further, the day rates were based upon an eight (8) hour day and approximated the hourly rates that prevailed in the market for the type of work performed by Plaintiff and the Putative Class Members.

51.    Plaintiff and the Putative Class Members regularly worked over forty (40) hours in a workweek as Waste Disposal Drivers.

52.    In calculating its employees' overtime pay rates, including that of Plaintiff and the Putative Class Members, Defendant did so by dividing the total amount of compensation (both day rate and additional compensation) by the total hours worked in the workweek.

53.    Defendant's calculations of Plaintiff's and the Putative Class Members' regular rates of pay does not comply with the FLSA.

54.    Defendant did not pay Plaintiff or the Putative Class Members time and one-half for hours worked over forty (40) hours in a workweek. Instead, Defendant utilized the "fluctuating work week" method to pay employees only half-time for hours worked over forty (40) hours in a workweek.

55.    The FLSA requires non-exempt employees, like Plaintiff and the Putative Class Members to be compensated for overtime work at the mandated overtime pay rate.

56.     Plaintiff and the Putative Class Members were entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

57.     The payment scheme used by the Defendant to its employees. including Plaintiff and the Putative Class Members, did not comply with the FLSA.

58.     Defendant violated and continues to violate the FLSA by failing to pay its Waste Disposal Drivers, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of forty (40) hours per workweek.

59.     As Defendant's employees, Plaintiff and the Putative Class Members were subjected to the same or a substantially similar payment scheme, as described above.

60.     On several occasions, Plaintiff and other similarly situated drivers complained to management that their overtime was not being calculated correctly and pleaded with them to correct it.

61.     In response to Plaintiff's and other similarly situated drivers' complaints, Waste Pro's management told Plaintiff and other drivers that they were paid "Chinese overtime," that paying only "Chinese overtime" was a corporate-wide policy, and that Defendant would not pay them overtime at the regular rate of one and one half times their pay.

62.     Plaintiff was required to perform necessary and integral work for Defendant while not clocked in, or otherwise off the clock.

63.     The off the clock work usually occurred prior to the Plaintiff's daily driving routes and after the routes or any helper routes were completed at the end of the day.

64.     Further, Plaintiff and the Putative Class Members were subjected to automatic deductions for 30-minute meal period, despite Waste Pro's knowledge that its employees routinely worked throughout their designated thirty (30) minute meal periods.

65.     Defendant is aware that Plaintiff and the Putative Class Members regularly worked through their 30-minute meal periods.

66.     Defendant's systematic deduction of the thirty (30) minute meal period from hours worked in excess of forty (40) hours per workweek deprived Plaintiff and the Putative Class Members of overtime pay in violation of the FLSA.

67.     Plaintiff and the Putative Class Members were subjected to the same or a substantially similar policy, practice, or scheme of having the 30-minute meal period deducted from their on-the clock time, as described above.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

68.     Plaintiff and the Putative Class Members incorporate by reference all preceding paragraphs as though fully and completely set forth herein.

69.     Defendant's practice of failing to pay its Waste Disposal Drivers time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

70.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the Putative Class Members.

71.     Defendant failed to keep adequate records of Plaintiff and the Putative Class Members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

72.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a.    The time of day and day of week on which the employees' work week begins;

   b.    The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

  e.  The hours worked each workday and total hours worked each workweek;

  f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

  g.  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

  h.  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

  i.  The dates, amounts, and nature of the items which make up the total additions and deductions;

  j.  The total wages paid each pay period; and

  k.  The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

  73.  Defendant has not complied with federal law and has failed to maintain such records as required for Plaintiff and Putative Class Members. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and the Putative Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

  74.  Defendant's failure to properly compensate its employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's common day rate payment policy or practice that applies to all similarly- situated employees.

  75.  Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly as to Plaintiff and Putative Class Members.

76.    Specifically, despite the fact that numerous Waste Disposal Drivers brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant refused to pay Plaintiff and the Putative Class Members their proper compensation as required by the FLSA.

77.    Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

78.    Accordingly, Plaintiff and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

79.    Plaintiff and the Putative Class Members contend that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

80.    Due to the willful nature of Defendant's conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff Privette, individually, and behalf of all other similarly situated persons, respectfully request that this Court enter judgment against the Defendant:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names,

addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

b.     For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and have deprived Plaintiff and the Putative Class Members of their rights to such compensation;

d.     For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff and all Putative Class Members;

e.     For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

f.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

g.     For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

h.     For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

i.     For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

j.     For an Order awarding Plaintiff a service award as permitted by law;

k.     For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 15, 2019                 Respectfully submitted by:


                                        **LE CLERCQ LAW FIRM, P.C.**

                                        By: /s/ Ben Whaley Le Clercq
                                        **Ben Whaley Le Clercq, Esq.**
                                        Fed. Bar # 7453
                                        708 S. Shelmore Suite 202
                                        Mt. Pleasant, SC 29464
                                        (843) 722-3523
                                        ben@leclercqlaw.com

                                        And

                                        **MORGAN & MORGAN, P.A**.


                                        **C. Ryan Morgan, Esq.**
                                        FBN 0015527
                                        N. Orange Ave., 16th Floor
                                        P.O. Box 4979
                                        Orlando, FL 32802-4979
                                        Telephone:     (407) 420-1414
                                        Facsimile:     (407) 867-4791
                                        Email: rmorgan@forthepeople.com
                                        Admitted *pro hac vice*

                                        **Paul M. Botros, Esq**. FBN 0063365
                                        600 N. Pine Island Road. Suite 400
                                        Plantation, FL 33324
                                        Telephone:     (954) 327-5352
                                        Facsimile:     (954) 327-3017
                                        Email: pbotros@forthepeople.com
                                        Admitted *pro hac vice*

                                        *Trial Counsel for Plaintiff and Putative Class Members*

                                        And

                                        **ANDERSON ALEXANDER, PLLC**

                                        **Austin W. Anderson, Esq.**
                                        Texas Bar No. 24045189
                                        austin@a2xlaw.com
                                        Admitted *pro hac vice*

                                        **Clif Alexander, Esq.**
                                        Texas Bar No. 24064805

---

clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
Admitted *pro hac vice*

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 15, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of North Carolina, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Ben Whaley Le Clercq
Ben Whaley Le Clercq, Esq.