**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| KENNETH PRIVETTE, *individually and on behalf of all others similarly situated*, ) ) ) Plaintiff, ) ) vs. ) ) WASTE PRO OF NORTH CAROLINA, ) INC., ) ) Defendant. ) ) | No. 2:19-cv-3221-DCN  **ORDER** |

The following matter is before the court on defendant Waste Pro of North Carolina, Inc.'s ("Waste Pro NC") motion to exceed discovery limits, ECF No. 52. For the reasons set forth below, the court denies the motion without prejudice and permits Waste Pro NC to refile the motion should representative discovery prove individualized discovery warranted.

## I.  BACKGROUND

Plaintiff Kenneth Privette ("Privette") brings this action against Waste Pro NC individually and on a collective basis. To date, 133 individuals have opted into Privette's collective action. Privette originally brought this action along with two other named plaintiffs on behalf of all other similarly situated non-exempt waste disposal drivers who were paid a day rate and who have been employed by Waste Pro entities throughout the United States, at any time from September 29, 2014 through the final disposition of this matter. Without delving into this matter's convoluted procedural history, the court notes that the instant lawsuit is the product of numerous severances and dismissals, such that the current action includes one named plaintiff, Privette, against one defendant, Waste

1

Pro NC. In the operative complaint, Privette asserts a cause of action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., alleging that Waste Pro NC violated the FLSA's overtime provisions. On April 16, 2020, the court conditionally certified Privette's FLSA claim as a collective action. ECF No. 25. On August 5, 2020, Waste Pro NC filed a motion to exceed discovery limits. ECF No. 52. On August 13, 2020, Privette responded, ECF No. 53, and on August 20, 2020, Waste Pro NC replied, ECF No. 54. The court held a hearing on the motion on October 15, 2020. As such, the motion is ripe for review.

## II.  STANDARD

Pretrial discovery is governed by Federal Rule of Civil Procedure 26. Parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The scope of discovery is often contested in FLSA collective actions. Depending on the circumstances, some courts permit "individualized discovery", meaning that the defendant is permitted to serve discovery on each opt-in plaintiff. See, e.g., Ewers v. City of Petersburg, Virginia, 2016 WL 9226394, at *1 (E.D. Va. June 3, 2016) (permitting individualized discovery with some limitations) (collecting cases). Other courts, finding individualized discovery overly burdensome, allow defendants to conduct

only "representative discovery", wherein defendants are entitled to serve discovery on a representative sample of the whole.  See, e.g., Nelson v. Am. Standard, Inc., 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) (permitting discovery on a sample of 91 out of 1,328 opt-in plaintiffs).  Most courts, including courts in this district, strike a balance between the two approaches based on ordinary discovery principles and in consideration of the burdens and benefits to both sides.  See, e.g., Irvine v. Destination Wild Dunes Mgmt., Inc., 2016 WL 1213639, at *1 (D.S.C. Mar. 28, 2016) (permitting depositions of 21.6% of the plaintiffs and limited requests for production and interrogatories on each plaintiff).  In addition to fairness, the court should specifically consider whether "meaningful differences among class members can be addressed through a representative group."  Romero v. Fla. Power & Light Co., 2012 WL 1970125, at *5 (M.D. Fla. June 1, 2012) (in the context of representative testimony).

### III.   DISCUSSION

The parties cannot agree on the scope of discovery.  Waste Pro NC "seeks to propound 10 or fewer Requests for Admissions" and "10 or fewer interrogatories" on each individual who has joined the FLSA collective action.  ECF No. 52 at 2.  Additionally, Waste Pro NC asks to conduct "no more than 15 depositions[.]"  Id.  Privette does not oppose Waste Pro NC's request with respect to depositions but does object to Waste Pro NC's request for individualized requests for admissions and interrogatories.

Waste Pro NC argues that individualized discovery is appropriate because it "intends to raise numerous fact-specific defenses to [p]laintiffs' claims, in addition to denying liability outright."  ECF No. 52 at 3.  Waste Pro NC explains that several

individualized factual circumstances that underlie potential defenses to plaintiffs' claims warrant individualized discovery. For example, Waste Pro NC argues that "numerous individuals who joined this action were always paid their full day rate, regardless of the number of hours they worked," and that "[t]here are also other individuals who were not day or task rate employees during their employment, [but] were hourly employees . . . who were paid an overtime premium at time and a half." Id. at 3–4. In response, Privette argues that representative discovery is more appropriate, noting that Waste Pro NC itself possesses the evidence that might resolve the majority of the individualized issues it presents. For example, Privette explains that Waste Pro NC is in the best position to determine which plaintiffs were paid a half-day rate, given that it possesses the employment records. As such, Privette concludes, discovery on each opt-in plaintiff is unnecessary, overly burdensome, and contrary to the policy underlying FLSA collective actions.

Both parties make good points. On the one hand, Waste Pro NC is entitled to discover evidence that might aid in its defense, and Waste Pro NC has identified some diverse sets of circumstances that may undermine the opt-in plaintiffs' claims; on the other, the court recognizes that Waste Pro NC likely possesses much of the plaintiff-specific evidence it craves and that subjecting each opt-in plaintiff to written discovery borders on overly burdensome and might well discourage future wronged employees from opting into FLSA collective actions. Armed with broad discretionary authority to resolve discovery disputes fairly, the court settles on a compromise.[1]  See Seaside Farm,

---

[1] As the incomparable Larry David, echoing "the Great Compromiser" Henry Clay, once said, "A good compromise is when both parties leave dissatisfied."

Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016).  The court authorizes Waste Pro NC to engage in representative discovery to address the individualized issues it claims warrant individualized discovery.  As such, the court authorizes representative, written discovery on up to thirty opt-in plaintiffs, which represents just over 20% of the collective whole.  If such representative discovery reveals the legitimate need for plaintiff-specific evidence, Waste Pro NC can file another motion to exceed discovery limits with concrete, explicit examples, backed by evidence uncovered during representative discovery, that demonstrates Waste Pro NC's need for individualized discovery.  Until then, Waste Pro NC's motion is denied without prejudice.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES WITHOUT PREJUDICE** the motion.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 27, 2020**
**Charleston, South Carolina**

5